IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>SOFIDEL AMERICA CORP.,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)  Case No. 24-CV-462-JFJ<br>)<br>)<br>)<br>) |

**OPINION AND ORDER**

Before the Court is Plaintiff Equal Employment Opportunity Commission's Motion for Partial Judgment on the Pleadings and/or to Strike Sofidel Defenses 15 and 18 (ECF No. 14). The parties have consented to a magistrate judge presiding over the case. ECF No. 15.

**I.  Background**

The following relevant facts are alleged in the Complaint (ECF No. 2). Plaintiff Equal Employment Opportunity Commission ("EEOC") brings this action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to seek relief on behalf of Camryn Edmonds ("Edmonds"). EEOC alleges Defendant Sofidel America Corp. ("Sofidel") violated Title VII when it allowed a male co-worker to sexually harass Edmonds for over six months, even after Edmonds complained to Sofidel about the harassment. Compl. ¶¶ 20-53, 64-73. EEOC alleges that, after Edmonds obtained an emergency judicial order of protection against her harasser, Sofidel terminated Edmonds' employment in retaliation for obtaining the protective order but did not terminate her harasser. *Id.* ¶¶ 54-63, 74-87.

EEOC alleges the following facts. Edmonds filed a Charge of Discrimination with EEOC asserting Title VII violations by Sofidel. *Id.* ¶ 7. EEOC issued Sofidel a Letter of Determination on August 27, 2024, which stated it found reasonable cause to believe that Title VII was violated

and which invited Sofidel to engage with EEOC in informal methods of conciliation in attempt to eliminate unlawful employment practices and provide proper relief. *Id.* ¶ 8. EEOC communicated with Sofidel about the discriminatory practices, but EEOC was unable to reach a conciliation agreement with Sofidel. *Id.* ¶¶ 9-10. EEOC issued a Notice of Conciliation Failure to Sofidel on September 19, 2024, which advised Sofidel that it was unable to secure an acceptable conciliation agreement between EEOC and Sofidel. *Id.* ¶ 11.

EEOC filed the Complaint in this case on September 30, 2024. Sofidel filed its Answer on February 14, 2025. ECF No. 10. In the Answer, Sofidel admits that it received correspondence from EEOC with its allegations of Title VII violations and a request to settle with Edmonds. *Id.* ¶ 8. Sofidel does not admit that EEOC's conciliation efforts were reasonable or permitted by law. *Id.* ¶ 9. Sofidel admits that it did not come to an agreeable resolution with EEOC, and that it received correspondence from EEOC confirming the parties did not come to an agreeable resolution prior to suit. *Id.* ¶ 11. Sofidel asserts numerous affirmative defenses, including that EEOC lacks "standing to assert the claims brought and/or is acting outside the scope of its authority" ("Defense 15"), and EEOC "failed to reasonably conciliate the Charge of Discrimination after a for-cause finding" ("Defense 18"). *Id.* at 11-12.

In the current motion, EEOC moves either (1) for partial judgment on the pleadings of Defenses 15 and 18, under Federal Rule of Civil Procedure 12(c), or (2) to strike Defenses 15 and 18 under Federal Rule of Civil Procedure 12(f). ECF No. 14. EEOC contends that these two defenses are not legally permissible under the agreed facts of this case. Because the Court grants EEOC's motion to strike Defenses 15 and 18, the Court does not address EEOC's request for partial judgment on the pleadings.

II.     **General Legal Standards – Rule 12(f)**

Under Federal Rule of Civil Procedure 12(f), "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Included in this rule are affirmative defenses, which are defenses that "will defeat the plaintiff's claim if [they are] accepted by the district court or the jury." 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1270 (4th ed. 2025). "Motions to strike affirmative defenses are disfavored and should be infrequently granted." *Bruna v. Gates*, No. 20-CV-00628-GKF-CDL, 2021 WL 6048913, at *1 (N.D. Okla. Mar. 30, 2021) (citing *United States v. Hardage*, 116 F.R.D. 460, 463 (W.D. Okla. 1987)). Such a motion should not be granted "unless, as a matter of law, the defense cannot succeed under any circumstances or unless it is clear that the affirmative defenses clearly have no bearing upon the subject matter of the litigation or the defenses are clearly insufficient as a matter of law." *Id.* (quotation omitted).

Courts disagree on whether a showing of prejudice by the movant is required before a motion to strike may be granted. *Compare Jenkins v. City of Las Vegas*, 333 F.R.D. 544, 548 (D.N.M. 2019) (explaining that it would not require a showing of prejudice under Rule 12(f) because "the rule makes no mention of prejudice and permits a court to strike material *sua sponte*") *and Knighten v. Allstate Ins. Co.*, No. CIV-17-683-D, 2018 WL 718533, at *3 (W.D. Okla. Feb. 5, 2018) (stating that motion to strike should not be granted unless the defense may cause "significant prejudice to one or more of the parties to the action" ). For purposes of this motion, the Court assumes that such a showing of prejudice is required. Ultimately, the decision whether to grant a motion to strike "rests within the sound discretion of the Court." *Durham v. Xerox Corp.*, 18 F.3d 836, 840 (10th Cir. 1994).

### III.    Analysis

Before suing an employer for discrimination, the EEOC "must try to remedy unlawful workplace practices through informal methods of conciliation." *Mach Mining, LLC v. E.E.O.C.*, 575 U.S. 480, 482-83 (2015). *See* 42 U.S.C. § 2000e-5(b), (f) (providing for EEOC conciliation requirement prior to suit). To ensure this requirement is met, a court may conduct a narrow review to determine (1) whether the EEOC told the employer about the claim, *i.e.*, "what practice has harmed which person or class," and (2) whether the EEOC provided the employer "with an opportunity to discuss the matter in an effort to achieve voluntary compliance." *EEOC v. United Parcel Serv.*, No. 15-CV-4141-MKB-CLP, 2017 WL 2829513, at *7 (E.D.N.Y. June 29, 2017). If the court finds EEOC's conciliation efforts were deficient, the appropriate remedy is "to order the EEOC to undertake the mandated efforts to obtain voluntary compliance." *Mach Mining*, 575 U.S. at 495 (citing 42 U.S.C. § 2000e-5(f)(1)).

Based on this legal framework, the Court concludes that Defense 18 is an improper affirmative defense that is clearly insufficient as a matter of law. Even if Sofidel successfully shows that EEOC's conciliation efforts were deficient, this would not defeat EEOC's discrimination claim or limit Sofidel's liability. It would merely permit this Court to order the parties to complete the necessary step of conciliation before proceeding with the lawsuit. Defense 18 does not qualify as a proper affirmative defense, and the Court exercises its discretion to strike such defense from the pleadings. *See EEOC v. Darden Rest., Inc.*, No. 15-20561-CIV, 2016 WL 9488709, at *3 (S.D. Fla. June 1, 2016) (striking failure to conciliate defense as improper affirmative defense because "the remedy to inadequate conciliation is an order staying case and requiring the parties to conciliate" rather than limiting or defeating plaintiff's ability to recover). *See also EEOC v. Chipotle Servs., LLC*, 2024 WL 4948888, at *14 (D. Kan. Dec. 3, 2024) (granting summary judgment to EEOC on failure to conciliate defense, "because failure to

conciliate is not an affirmative defense" and cannot bar EEOC's claims as a matter of law); *EEOC v. DolGenCorp, LLC*, No. CIV-21-295-GLJ, 2024 WL 402921, at *11 (E.D. Okla. Feb. 2, 2024) (same). Sofidel does not argue that Defense 18 is pleaded as anything other than an affirmative defense. It is appropriate in this rare instance to strike Defense 18 as "clearly insufficient as a matter of law" as an affirmative defense. *Bruna*, 2021 WL 6048913, at *1 (quotation omitted).[1]

To the extent a showing of prejudice is required, the Court finds that EEOC would suffer prejudice from having to expend resources responding to and conducting discovery on affirmative defenses that are clearly insufficient under prevailing law. *See EEOC v. AZ Metro Distribs., LLC*, 272 F. Supp. 3d 336, 341 (E.D.N.Y. 2017) (finding prejudice in "the larding up of the pleadings and the litigation with purported affirmative defenses that are not affirmative defenses as a matter of law").

Sofidel admits that Defense 15 (standing) is merely derivative of Defense 18: "EEOC cannot bring a claim, and therefore lacks standing, until it has properly conciliated." ECF No. 17 at 4 n.2. Because the Court strikes Defense 18 as an improper affirmative defense, the Court correspondingly strikes Defense 15 as an improper affirmative defense. The Court finds no need to consider EEOC's separate arguments regarding its standing to bring suit.

If Sofidel contends that appropriate conciliation efforts did not occur, then it may file a motion to stay this proceeding pending conciliation. *See Darden Rest.*, 2016 WL 9488709, at *3

---

[1] In its response, Sofidel relies heavily on *EEOC v. Unit Drilling Co.*, No. 13-CV-147-TCK-PJC, 2014 WL 2211011 (N.D. Okla. May 28, 2014), in support of its argument that failure to conciliate is a proper affirmative defense. While *Unit Drilling* appears to support Sofidel's position, it is no longer persuasive in light of the Supreme Court's subsequent decision in *Mach Mining*. *Mach Mining* established narrow limits on judicial review of EEOC's conciliation efforts. 575 U.S. at 495. The affirmative defenses at issue in *Unit Drilling* would have exceeded the scope of judicial review available after *Mach Mining*, and *Mach Mining* clarified that staying an EEOC case is the appropriate remedy to failure to conciliate. The Court is not persuaded that the *Unit Drilling* court would have reached the same conclusion today.

n.6 (permitting defendant to file motion to stay if it contested EEOC's conciliation efforts). Upon review of any relevant evidence, the Court will determine whether a stay is necessary to permit conciliation to take place. *See Mach Mining*, 575 U.S. at 494 ("A sworn affidavit from the EEOC stating that it has performed the obligations noted above but that its efforts have failed will usually suffice to show that it has met the conciliation requirement.").

### IV.   Conclusion

For the reasons detailed above, Plaintiff EEOC's Motion to Strike Sofidel Defenses 15 and 18 (ECF No. 14) is **GRANTED**. Sofidel's affirmative defenses 15 and 18 are hereby **STRICKEN**. Plaintiff's alternative Motion for Partial Judgment on the Pleadings is **DENIED AS MOOT**. Any motion to stay on the basis of a failure to conciliate must be filed no later than July 24, 2025.

**SO ORDERED** this 10th day of July, 2025.

**JODI F. JAYNE, MAGISTRATE JUDGE**
**UNITED STATES DISTRICT COURT**